# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **SEAN AUDE GALLMAN et al.,** | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-18-2453 |
| **PRINCE GEORGES COUNTY, MARYLAND et al.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiffs Sean Gallman and the Gallman Charitable Trust (the Trust) filed this quiet title action with respect to real property known as 4303 Henley Court, Upper Marlboro, Maryland 20772 (the Property). Pending before the Court is the United States' Motion to Intervene and to Dismiss. ECF No. 2. For the following reasons, the motion will be granted.

In January 2016, Gallman pled guilty to defrauding the United States by creating entities, including the Trust, through which Gallman submitted fraudulent tax returns. ECF No. 2-3. According to the Superseding Indictment that Gallman pled guilty to, Gallman used the Trust to submit a false tax return to the Internal Revenue Service and obtained a tax refund of $8,218,930. ECF No. 2-2 at 4. Gallman then laundered the proceeds of his fraudulent scheme by purchasing the Property. *Id.* at 15. On May 18, 2016, this Court ordered that title to the Property be forfeited to the United States. ECF No. 2-4.

In May 2016, around the time that the Court ordered that title to the Property be forfeited to the United States, Defendant SSC 6 – MD, LLC ("SSC"), purchased the Property's outstanding tax liability owed to Prince George's County. ECF No. 2-5. SSC then filed a lawsuit

1

seeking to foreclose the right of redemption in the Circuit Court of Maryland for Prince George's County. *Id.* After it filed the lawsuit to foreclose the right of redemption, SSC discovered the United States' interest in the Subject Property, and SSC served the United States with the Complaint. ECF No. 2-1 at 3. The United States and SSC have been working to resolve that litigation. *Id.*

Pursuant to Rule 24(a)(2), "the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest[.]" Fed. R. Civ. P. 24(a)(2). Three elements must be demonstrated before a party can intervene as a matter of right: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir.1991)).

Here, the United States: (1) has an interest in the Property because the Court vested title to the forfeited property in the United States; (2) the United States' interest are impaired by this suit because the action seeks to quiet title to the Property in favor of the Plaintiffs; and (3) the current parties cannot protect the United States' interest because Plaintiffs' interest and Defendant SSC's interest are adverse to the United States' interest. *See Stuart*, 706 F.3d at 349; *United States v. 92 Buena Vista Avenue*, 507 U.S. 111, 125–26 (1993) (providing that title to forfeited property vests in the United States). Accordingly, the United States will be permitted to intervene.

The United States also moves to dismiss Plaintiffs' Complaint. A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the sufficiency of a complaint. *Giarratano v.*

*Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). To survive a motion to dismiss, a complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" thereby "'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (correction in original).

Here, Plaintiffs fail to state a claim upon which relief can be granted because the criminal forfeiture proceeding provided the exclusive remedy for Plaintiffs to assert an interest in the Property, and they cannot use this civil proceeding to collaterally attack the Court's criminal forfeiture order. *See Roberts v. United States,* 141 F.3d 1468, 1471 (11th Cir.1998); *In re Am. Basketball League, Inc.*, 317 B.R. 121, 127 & 129 (Bankr. N.D. Cal. 2004). As a result, the United States' Motion to Dismiss will also be granted.

A separate order shall issue.

Date: <u>April 22, 2019</u> /s/_____
GEORGE J. HAZEL
United States District Judge